FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 01, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH WILLIAM HART,<br><br>Petitioner,<br><br>v.<br><br>ASSOCIATE SUPERINTENDENT PARKER and SUPERINTENDENT RIVERA[1],<br><br>Respondents. | No. 2:26-cv-403-EFS<br><br>**ORDER DISMISSING ACTION** |

Petitioner, an individual incarcerated at the Airway Heights Corrections Center, brings this *pro se* Petition for Writ of Habeas

---

[1] Ronald Haynes is the current Superintendent at the Airway Heights Corrections Center.

Corpus pursuant to 28 U.S.C. § 2254.[2] He has paid the $5.00 filing fee. The named Respondents have not been served.

Petitioner indicates on the petition form that he is challenging his conviction for second degree murder and his sentence of life without the possibility of parole in Franklin County Superior Court case No. "12-1-50117-2."[3] He states that a second charge of second-degree assault was dismissed on appeal.[4]

The Court takes judicial notice of the fact that Mr. Hart's first habeas challenge in this District, case No. 2:24-cv-00131-SMM, was read as a challenge to his life sentence in Franklin County Superior Court case #121501172, and was dismissed on May 21, 2024.[5] Mr. Hart's second habeas challenge to his 2014 Franklin County

---

[2] ECF No. 1.

[3] *Id.* at 1.

[4] *Id.* at 2.

[5] *See* case No. 2:24-cv-00131-SMM, ECF No. 4.

convictions for second degree murder and second-degree assault, was dismissed with prejudice as time-barred on August 11, 2026.[6]

In this third habeas challenge, Petitioner's three "grounds" for relief are not associated with his conviction.[7] Rather, he presents vague assertions of untreated injuries, threats, and negligence, and asserts that "the conditions of my confinement do not allow me to fully function as incarcerated person and I am treated unusally."[8] He seeks placement in protective custody, as well as "accomidated for medical assistance recovery and classification pain relief and I would like the accounable parties charged."[9]

To the extent Petitioner seeks to assert claims that do not challenge the fact or duration of his physical imprisonment, he will

---

[6] *See* case No. 4:26-cv-05065-TOR, ECF No. 9.

[7] ECF No. 1 at 5, 7, and 8.

[8] *Id.* at 5 (as written in original).

[9] *Id.* at 8 and 15 (as written in original).

need to bring those claims, if at all, in a separate action under 42 U.S.C. § 1983.[10]

Because Petitioner failed to present habeas claims entitling him to relief in this Court, this action is summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED.**

2. The Court certifies that any appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

---

[10] *See Muhammad v. Close,* 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[;] requests for relief turning on circumstances of confinement may be presented in a [section] 1983 action." (*citing Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))).

IT IS SO ORDERED. The Clerk's Office is directed to file this order, enter judgment, provide copies to Petitioner and **CLOSE** the file.

DATED this 1st day of October 2026.

Edward F. Shea

EDWARD F. SHEA
Senior United States District Judge